IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANE POWELL,

        Petitioner,

   v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:14-CV-02089
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Motion to Dismiss*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* ECF No. 5, be **GRANTED** and that this action be **DISMISSED** without prejudice as unexhausted**.**

**Facts and Procedural History**

On February 17, 2012, Petitioner pleaded guilty in the Muskingum County Court of Common Pleas to aggravated robbery with a firearm specification, having a weapon while under disability, and failure to comply. (ECF 5-1, PageID# 38.) The trial court imposed an aggregate term of seven and a half years of incarceration. PageID# 45. Petitioner did not timely appeal. On December 2, 2013, he filed a motion for leave to file a delayed appeal, claiming that he did not timely appeal because he was informed that he was not entitled to an appeal and was no longer represented by counsel. PageID# 49. The appellate court appointed counsel to respond to the State's opposition to Petitioner's motion for delayed appeal. *See* PageID# 67. Referring to

*Anders v. California*, 386 U.S. 738 (1967),[1] counsel agreed that Petitioner had no basis for an appeal. *Id.* On December 30, 2013, the appellate court denied Petitioner's motion for delayed appeal. Petitioner did not file an appeal. PageID# 72. On January 15, 2014, Petitioner filed an "Objection to *Ander's* Reply." PageID# 74. On February 3, 2014, the appellate court overruled Petitioner's objection, noting that it had neither permitted a delayed appeal nor appointed counsel on Petitioner's behalf. PageID# 76. On February 12, 2014, Petitioner filed a *Notice of Information,* indicating that he had thought that the appellate court had granted his motion for a delayed appeal, and requesting the appellate court to grant his motion. PageID# 77-78. On June 20, 2014, Petitioner filed a second motion for delayed appeal. PageID# 87. The appellate court denied the motion under Ohio's doctrine of *res judicata*, which prevents a successive motion for a delayed appeal and based on Petitioner's failure to show good cause for the untimely filing. PageID# 139-40. On September 22, 2014, Petitioner filed an appeal to the Ohio Supreme Court. PageID# 141. This Court is unable to determine from the record whether the Ohio Supreme Court has issued a decision on Petitioner's appeal.

---

[1] In *Anders v. California*, the United States Supreme Court held that appointed counsel could withdraw if, after "conscientious examination" he found an appeal to be "wholly frivolous." *Anders*, 386 U.S. at 744. The request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*.

> A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id*.

On October 28, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He asserts that his sentence violates due process and that he was denied the right to appeal. It is the position of the Respondent that this action must be dismissed as unexhausted.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Petitioner asserts that his sentence violates due process and that he has been denied the right to appeal. However, Petitioner never pursued an appeal of the appellate court's denial of his motion for a delayed appeal to the Ohio Supreme Court. Although the time has now expired to do so, he may still file a motion for a delayed appeal pursuant to Ohio Supreme Court Rule of Practice 7.01(A)(4). Therefore, his claims remain unexhausted.[2]

Ordinarily, a habeas corpus case that presents even one unexhausted claim must be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a dismissal is without prejudice to the re-filing of the action once all claims have been exhausted. However, recognizing that the statute of

---

[2] Respondent contends that this action likewise remains unexhausted because Petitioner's appeal of the appellate court's denial of his second motion for a delayed appeal remains pending in the Ohio Supreme Court.

3

limitations may preclude such re-filing, the United States Supreme Court has held that a federal court may stay an action presenting both exhausted and unexhausted claims for relief pending exhaustion of all claims where the petitioner can establish both good cause for failing to exhaust and a potentially meritorious claim. *Rhines v. Weber*, 544 U.S. 269 (2005).

Although the one-year statute of limitations for asserting habeas corpus claims under 28 U.S.C. § 2244(d)(1) could bar Petitioner from re-asserting, upon exhaustion, his claims that are currently unexhausted, the Court nevertheless concludes that a stay of proceedings pending exhaustion is unwarranted because Petitioner has not exhausted any of the claims that he currently presents. Because this action presents only unexhausted claims, a stay of proceedings under *Rhines* is not appropriate. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *United States v. Hickman*, 191 F. A'ppx 756, 757 (10th Cir. 2006); *Mimms v. Russell*, No. 1:08-cv-079, 2009 WL 890509 (S.D. Ohio March 31, 2009).

**Recommended Disposition**

Therefore, the Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF No. 5, be **GRANTED** and that this action be dismissed without prejudice as unexhausted.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
Elizabeth P. Preston Deavers
United States Magistrate Judge

Date:  August 25, 2015